IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NEXTGEN INNOVATIONS, LLC, § § *Plaintiff*, § § v. § § FUJITSU NETWORK § COMMUNICATIONS, *et al.*, AT&T § SERVICES, INC. *et al.*, and INFINERA § CORPORATION, § § *Defendants*. § | Case No. 2:22-cv-00307-JRG-RSP (Lead Case) |

**MEMORANDUM ORDER**

Before the Court are several motions. First, Defendants'[1] Motion for Entry of Model Order Focusing Patent Claims and Prior Art, **Dkt. No. 123**. Second, Plaintiff's Motion to Strike Invalidity Contentions, **Dkt. No. 103**. Third, Defendants' Motion to Amend Invalidity Contentions, **Dkt. No. 190**. For the following reasons, the motions are **DENIED**.

**I.   LEGAL STANDARD**

Under the Local Patent Rules for the Eastern District of Texas, a party's invalidity contentions are final, subject to a few exceptions. P.R. 3-6(a). The most relevant exception is that amendment to a party's invalidity contentions "may be made only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). The Federal Circuit has approved requiring "a showing of diligence" to establish "good cause" in this context. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) (agreeing with the

---

[1] Both of Defendants' motions are joined by all of the consolidated defendants: the Fujitsu defendants, the Infinera defendants, and the AT&T defendants. The Nokia defendants have been deconsolidated from this lead case and consolidated into a different action. Dkt. No. 252.

1

Northern District of California that a showing of "good cause" to amend contentions under N.D. Cal.'s local patent rules requires a showing of diligence).

Courts routinely consider four factors to determine whether good cause has been shown: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

## II. DEFENDANTS' MOTION FOR ENTRY OF MODEL ORDER FOCUSING PATENT CLAIMS AND PRIOR ART (DKT. NO. 123)

Defendants request entry of an order following this Court's "Model Order Focusing Patent Claims and Prior Art," asserting that entry of the order will "completely resolve and moot NextGen's pending motion to strike." Dkt. No. 123 at 2. Specifically, Defendants request a schedule "for phased reductions of asserted claims and prior art." *Id.* at 5. Plaintiff responds that "[t]his is not a case that calls for the Model Order" pointing to the overlap of claims and natural narrowing through the claim construction and Docket Control Order deadlines. Dkt. No. 137 at 2–3.

The Court finds that entry of the Model Order is unnecessary at this time and would not serve to simplify the issues. Notably, this Motion was filed after Plaintiff's motion to strike the invalidity contentions, and additional motions to add invalidity contentions have been filed since. Accordingly, Defendants' Motion for Entry of Model Order Focusing Patent Claims and Prior Art is **DENIED** at this time.

### III. PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' INVALIDITY CONTENTIONS REGARDING OBVIOUSNESS FOR LACK OF DISCLOSURE (DKT. NO. 103)

Plaintiff files this Motion requesting that Defendants' invalidity contentions regarding obviousness be stricken for failing to comply with P.R. 3-3. Dkt. No. 103; Dkt. No. 131 (reply in support). Defendants oppose the motion through a response and supporting sur-reply. Dkt. No. 125; Dkt. No. 143.

Plaintiff asserts that Defendants' obviousness contentions are contrary to P.R. 3-3 "because they contain no meaningful disclosures" and are the product of tactics to delay compliance with the local patent rule. Dkt. No. 103 at 10 (citing *Elbit Sys. Land and C4I Ltd. et al. v. Hughes Network Sys. LLC, et al.*, 2:15-cv-37-RWS-RSP at Dkt. 201 at 5 (E.D. Tex. 2016)). Plaintiff particularly points to Defendants' combination of references as lacking meaningful disclosure due to the use of "and/or" resulting in a multitude of potential combinations. Dkt. No. 103 at 5–6, 12–13. Plaintiff further asserts that Defendants' motivation to combine disclosures are also lacking in detail due to the use of repetitive formatting. Dkt. No. 103 at 12. Plaintiffs contend that they have been "prejudiced by Defendants' failure to disclose its actual obviousness combinations." Dkt. No. 103 at 14.

Defendants respond that the invalidity contentions comply with P.R. 3-3. Dkt. No. 125 at 6. Defendants assert that the method of charting entailed "(1) a cover pleading identifying . . . the invalidating prior art and the motivations to make obviousness combinations . . . ; (2) claim charts identifying how individual prior art references anticipate and/or render obvious the asserted claims on an element-by-element basis; and (3) Appendices . . . identifying the various obviousness combinations." Dkt. No. 125 at 7. Regarding the cover pleading's use of catch-all language, Defendants assert an intent to rely only on the combinations specifically identified in the appendices. Dkt. No. 125 at 7.

The heart of the parties' dispute is whether the invalidity contentions described above employ a permissible form of charting combination references. The Court finds that they substantially comply with our rules. *See Personalized Media Comms. LLC v. Apple, Inc.*, 2021 U.S. Dist. LEXIS 16909, at *12–13 (E.D. Tex. 2021); *Am. Patents v. Coolpad Grp. Ltd.*, 2020 U.S. Dist. LEXIS 169624, at *7 (E.D. Tex. 2020); *cf. Uniloc 2017, LLC v. Google LLC*, 2:18-cv-004910-JRG-RSP, Dkt. No. 181; *Pers. Audio, LLC v. Togi Entm't, Inc.*, 2014 U.S. Dist. LEXIS 194378, at *6 (E.D. Tex. 2014).

Accordingly, Plaintiff's Motion to Strike Defendants' Invalidity Contentions Regarding Obviousness for Lack of Disclosure is **DENIED**.

## IV. DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS (DKT. NO. 190)

Defendants' motion seeks to "add a prior art product" identified as the "Nortel 40G/100G Adaptive Optical Engine . . . ." Dkt. No. 190 at 6; Dkt. No. 203 (reply in support). Plaintiff opposed the motion with a response brief and supporting sur-reply. Dkt. No. 173; Dkt. No. 186.

### A. Diligence

Defendants assert that late discovery of the Nortel prior art system "was excusable because of the lack of public technical detail concerning a prior art product sold nearly fifteen years ago." Dkt. No. 190 at 11. Defendants assert that discovery of the Nortel system occurred on June 9, 2023 "based on a discussion with an individual who had been active in the field and knew of Nortel's product launch." Dkt. No. 190 at 9. Defendants assert that they determined further confidential third-party information from Cienna[2] would be necessary to clarify what was found in publicly available documents at some point between June 9, 2023 and August 1, 2023. Dkt. No. 190 at 9. On August 1, 2023, Defendants provided a claim chart and all publicly available documents

---

[2] Cienna has been identified by the parties as the entity that received the relevant assets from Nortel.

4

regarding the Nortel system to Plaintiff, while also notifying Plaintiff that Defendants would need to seek discovery from Cienna. Dkt. No. 190 at 9. Defendants assert that the subpoena was served on August 24, 2023, Cienna provided the sought information by September 21, 2023, and Defendants served amended invalidity contentions on September 26, 2023. Dkt. No. 190 at 9–10. Defendants assert that the preceding timeline demonstrates diligence in searching, analyzing, and disclosing the prior art. Dkt. No. 190 at 13.

Plaintiff responds that Defendant has not demonstrated why the publicly available prior art could not be found prior to June 9 and points to the anonymity of the undisclosed source. Dkt. No. 199 at 6. Plaintiff asserts that "Defendants failed to discover the prior art for months, and even after discovery, waited months before notifying plaintiff, and then waited more months before filing its motion." Dkt. No. 199 at 7–8.

The Court finds that proper diligence has not been demonstrated by Defendants in this Motion. While delays for seeking discovery from a third-party and analyzing the production can explain some of the gap between identifying the prior art and asserting the amendment, what is not adequately explained is the four-month gap between service of the operative invalidity contentions and discovery of the Nortel system. The Court does not find it persuasive that Defendants were unable to identify the system prior to the invalidity contention deadline from publicly available sources. Further, it is unclear why the need for information from Cienna was not discoverable prior to the invalidity contention deadline. The unexplained delay occurred during the heart of the discovery period, exacerbating the prejudice to Plaintiff. Accordingly, this factor does not weigh in favor of amendment.

### B. Importance

Defendants assert that the amendment is important due to the Nortel system allegedly invalidating all of the asserted claims of the relevant patents, being beneficial for the fact finder, containing the same or similar components as the accused products, being relevant to a priority dispute, and supporting enablement and written description defenses. Dkt. No. 190 at 14.

The Court finds that this factor does not weigh heavily in favor of amendment. Even assuming that the prior art could invalidate some asserted claims, Defendants have not shown that it is not cumulative in light of the currently asserted prior art. This is not changed by the argument that the prior art as a system that would be "helpful to the trier of fact" where other systems relating to the same functionality are already present in the invalidity contentions. Accordingly, this factor does not weigh significantly in favor of amendment.

### C. Prejudice and Continuance

Defendants assert that Plaintiff will not suffer prejudice due to receiving advance notice of the amended subject matter and since it will only add a single piece of prior art. Dkt. No. 190 at 17–18. Defendant further asserts that due to the early stage of the case and lack of claim construction changes after the August 1 disclosure a continuance is unnecessary. Dkt. No. 190 at 18–19.

The Court finds that prejudice is present and is not persuaded by Defendants' reasoning. Defendants' assertions relying on a lack of claim construction positions is irreconcilable with the reality that even if advance notice of the desire to amend was present, the prior art is still not part of the invalidity contentions. Plaintiff's lack of briefing and claim construction positions regarding the prior art is therefore normal even if it is assumed they were aware on August 1 of the Nortel

6

system. Accordingly, this factor does not weigh in favor of amendment. Having determined that the factors do not favor amendment, the Court does not address a continuance to cure the prejudice.

Accordingly, Defendants' Motion for Leave to Amend Invalidity Contentions is **DENIED**.

## V. CONCLUSION

Having considered the parties' briefing and the record, Defendants' Motion for Entry of Model Order Focusing Patent Claims and Prior Art, **Dkt. No. 123**, Plaintiff's Motion to Strike Invalidity Contentions, **Dkt. No. 103**, and Defendants' Motion to Amend Invalidity Contentions, **Dkt. No. 190**, are **DENIED**.

**SIGNED this 12th day of March, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE